IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE L. TOY | : | CIVIL ACTION |
| v. | : | |
| CARL PICKENS, et al. | : | NO. 12-5379 |

## **MEMORANDUM AND ORDER**

AND NOW, this 16th day of July, 2013, upon consideration of plaintiff's Motion in Limine to Preclude Defendants From Using at Trial Any Information, Documents or Other Evidence of Any Type Whatsoever Not Disclosed Before and/or Obtained After The Close of Discovery - March 22, 2013 (the "Motion") (Doc. 26) and defendants' response thereto (Doc. 27), it is hereby

## **ORDERED**

that plaintiff's Motion is **GRANTED** with respect to the report and testimony of Sachin Dheer, M.D.

This is an automobile accident case. The jury trial is scheduled before the undersigned on September 10, 2013. An arbitration hearing was held on March 22, 2013 and an award was entered pursuant to Local Rule 53.2. A request for a trial de novo was made by defendants (Doc. 15). On May 28, 2013, the parties consented to the undersigned to conduct a jury trial (Doc. 20). See 28 U.S.C. § 636. The case originally was assigned to the Honorable Eduardo C. Robreno. Judge Robreno's procedures prohibit taking discovery after an arbitration hearing is held pursuant to Local Rule 53.2. Judge Robreno's Practice and Procedures provide the following: "The parties are expected to complete all discovery prior to the date of the arbitration hearing. . . . Ordinarily, neither discovery nor dispositive motions will be allowed

after the arbitration hearing is held." The Eastern District Manual at 258 (Charles R. Bruton ed., 2d ed. 2009).[1] Pursuant to Judge Robreno's procedures, this court denied defendants' request for an independent medical examination, filed on June 14, 2013, nearly two months after the arbitration award (Doc. 25). Despite this order, on June 25, 2013, defendants served plaintiff with a report of Sachin Dheer, M.D., a physician defendants intend to call. Defendants did not produce Dr. Dheer's expert report prior to the arbitration hearing scheduled on March 22, 2013. Plaintiff filed the instant Motion to preclude the use of this report.

The court grants plaintiff's request to preclude Dr. Dheer's testimony at trial for three reasons. First, to allow this untimely report would violate Judge Robreno's pre-trial practices and procedures which governed this action. Second, defendants have offered no justification or excuse to explain the tardiness of the submission of the report. Last, if the court permitted defendants to use Dr. Dheer's report, it would result in unfair prejudice to plaintiff and would undermine the efficiency goals of our court's arbitration program.

The purpose of the court's compulsory arbitration program "is to save litigants time and money by providing them with a prompt and less expensive alternative to a courtroom trial." New England Merchants Nat'l Bank v. Hughes, 556 F.Supp. 712, 715 (E.D. Pa. 1983). The program also has relieved the court "of some of the constantly increasing caseload." Id. Allowing discovery to reopen after the arbitration hearing would in effect permit a defendant to use the court's arbitration proceeding as a dress rehearsal, or screening event, to discern where

---

[1] The court's compulsory arbitration program "provides litigants with a more prompt and less expensive alternative to the traditional courtroom trial." It has been in operation since 1978 and includes most civil cases where only money damages are sought in an amount exceeding $150,000. See Clerk's Office Procedural Handbook (E.D. Pa.) at 37.

the weaknesses are in the plaintiff's case, and then, after the arbitration, allow the defendant to gather new evidence to supplement the defendant's case. To permit this scenario would undermine the purposes of the court-annexed arbitration procedure to dispose of cases efficiently and conserve judicial resources. See Szalontai v. Yazbo's Sports Café, 874 A.2d 507, 514 (N.J. 2005) (offering similar rationale to justify New Jersey rule prohibiting discovery after an arbitration or trial date is fixed). Accordingly, the court grants plaintiff's Motion and the report and testimony of Sachin Dheer, M.D. are precluded.[2]

BY THE COURT:


/s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge

---

[2] In the Motion, plaintiff requests a broad order precluding "defendants from using at trial any information, documents or other evidence of any type whatsoever not disclosed before and/or obtained after the close of discovery – March 22, 2013." (Motion at 1.) The court declines to enter this broad order and will entertain at trial objections to evidence not disclosed or obtained during the discovery period.